UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| BETH A. SMITH ) | |
| ) | Bankruptcy No. 00-02375 |
| Debtor. ) | |
| ) | |
| BETH A. SMITH ) | |
| ) | Adversary No. 05-9085 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| AMERICAN GENERAL FINANCE ) | |
| INC., et al ) | |
| ) | |
| Defendants. ) | |

**ORDER RE: MOTIONS TO DISMISS**

This matter came before the undersigned on December 2, 2005 pursuant to assignment. Plaintiff/Debtor Beth Smith was represented by Janet Hong and Jason Craig. Defendant American General Finance, Inc. was represented by Lynn Wickham Hartman. Attorney Benjamin Hopkins appeared for Defendant Countrywide Home Loans, Inc. Attorney Cullen Kuhn appeared for Washington Mutual Home Loans. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

**STATEMENT OF THE CASE**

Debtor's complaint asserts Defendants violated the discharge injunction of § 524 by placing notes in her credit file with the intent to collect debts. Defendants American General Finance and Premier Auto Finance filed Motions to Dismiss the Complaint. They assert that the acts of which Debtor complains are not acts to collect a debt. American General further argues Debtor has no right to damages and there was insufficient service of process.

Debtor filed her bankruptcy petition on September 18, 2000. Discharge entered December 22, 2000. Based on copies

of Debtor's credit files from May 2005 from three credit reporting agencies, Debtor's complaint asserts American General improperly reported Debtor's discharged debt as "Account charged off/Past due 180 days. $1,366 written off;" "Charged Off as Bad Debt;" and "Charge-Off" with a past due balance of $1,366.  The complaint asserts Premier Auto improperly reported Debtor's discharged debt as "Account charged off. $8,128 written off;" "Charged Off as Bad Debt" with a past due balance of $8,128; and "Pays 91-120 Days."

Debtor asserts that when Defendants placed a "Past due" or "Charge off" in her credit file, they intended to collect the debt.  She argues that these acts to collect debts violate the discharge injunction of § 524 and requests a finding of contempt and an award of damages.

Both American General and Premier Auto seek dismissal, asserting that the reports they placed in Debtor's credit file do not constitute acts to collect debt.  American General also asserts that Debtor has no private right of action under § 524(a)(2) for damages.  Additionally, it complains that service of process was insufficient because Debtor failed to serve the exhibits to the complaint.

## CONCLUSIONS OF LAW

Defendants move for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  A complaint may be dismissed under Rule 12(b)(6) only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations.  DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002).  In considering a motion to dismiss under Rule 12(b)(6), the court must assume that all facts alleged by the complaining party are true, and must liberally construe those allegations.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Gross v. Weber, 186 F.3d 1089, 1090 (8th Cir. 1999).  "However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal."  Dubois, 276 F.3d at 1022.

Section 524(a) states, in pertinent part:

(a) A discharge in a case under this title--
...

2

> (2) operates as an injunction against the
> commencement or continuation of an action, the
> employment of process, or an act, to collect,
> recover or offset any such debt as a personal
> liability of the debtor, whether or not discharge of
> such debt is waived.

11 U.S.C. § 524(a).  This section replaces the automatic stay of § 362 with a permanent injunction against enforcement of all discharged debts after entry of the discharge.  In re Waswick, 212 B.R. 350, 352 (Bankr.D.N.D.1997).  Willful violation of the § 524(a)(2) injunction will warrant a finding of civil contempt and an award of damages.  Waswick, 212 B.R. at 352.  The burden rests with the movant to show by clear and convincing evidence that the offending creditor had knowledge of the discharge and willfully violated it by pursuing collection activities.  In re Goodfellow, 298 B.R. 358, 362 (Bankr. N.D. Iowa 2003).

   The issue here is whether Defendants' actions in the way they reported Debtor's discharged debts to the credit reporting agencies constituted collection activities.  One court has stated that even false reporting, if not done to extract payment of the debt, is simply not an act proscribed by the Bankruptcy Code.  In re Vogt, 257 B.R. 71 (Bankr. D. Colo. 2000).  In contrast, another court found that placing of a notation on a debtor's credit report "must certainly be done in an effort to effect collection of the account."  In re Sommersdorf, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991) ("Such a notation on a credit report is, in fact, just the type of creditor shenanigans intended to be prohibited by the automatic stay.").  In In re Singley, 233 B.R. 170, 174 (Bankr. S.D. Ga. 1999), the court found the creditor's intent in making a notation on a debtor's credit report was material in finding a violation of the automatic stay, precluding summary judgment.  Placing of a notation in a debtor's credit report was considered along with other collection activities to find violations of the discharge injunction in Goodfellow, 298 B.R. at 362, and Miele v. Sid Bailey, Inc., 192 B.R. 611, 613 (S.D.N.Y. 1996).

## ANALYSIS

   Initially, American General argues that the Complaint must be dismissed to the extent Debtor seeks to recover damages pursuant to a private right of action.  In its Motion,

3

it also concedes that an action for violation of § 524 can be brought as a contempt action. The Court notes that on page 9 of the Complaint Debtor requests that this Court find Defendants in contempt for violation of the discharge injunction. The Court finds that Debtor has sufficiently pled a contempt action under § 524(a). Likewise, the Court finds that Debtor has sufficiently explained why she failed to serve copies of exhibits with the Complaint, in that the reference to exhibits in the Complaint was inadvertent. The Court concludes that these arguments by American General in support of its motion to dismiss are unavailing and should be denied.

The main argument for dismissal is that Defendants' "Past due" or "Charge off" notations in Debtor's credit files do not constitute acts to collect debts. Based on the foregoing, and viewing the allegations of the Complaint in the light most favorable to Debtor, the Court concludes that dismissal is not appropriate. Debtor's Complaint contains sufficient allegations of Defendants' intent to collect. There is some precedent for the finding of a violation of the discharge injunction from a credit report notation made with the intent to collect a debt. In this case, Defendants have failed to show that it is clear that no relief can be granted under some set of facts that could be proven consistent with the allegations of the Complaint. The Motions to Dismiss must be denied.

**WHEREFORE**, the Motions to Dismiss filed by American General Finance, Inc. and Premier Auto Finance Inc. are DENIED.

DATED AND ENTERED: December 12, 2005

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE