```
                    UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )       Chapter 7
BETH A. SMITH                   )
                                )       Bankruptcy No. 00-02375
      Debtor.                   )
------------------------------- )
BETH A. SMITH,                  )
                                )       Adversary No. 05-9085
      Plaintiff,                )
                                )
vs.                             )
                                )
AMERICAN GENERAL FINANCE,       )
INC., et al                     )
                                )
      Defendants.               )
```

**ORDER RE: RENEWED MOTIONS TO COMPEL**

This matter came before the undersigned on October 6, 2006 pursuant to assignment. Plaintiff/Debtor Beth Smith was represented by attorney Janet Hong. Attorney Lynn Wickham Hartman appeared for Defendant American General Finance, Inc. Attorneys Michael Whaley and Charles Benish appeared for Defendant Washington Mutual Home Loans, Inc. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

**STATEMENT OF THE CASE**

Debtor requests orders compelling American General and Washington Mutual to answer discovery requests. Debtor has served requests for discovery on these two Defendants, including written interrogatories and requests for production. They have produced some, but not all, of the documents requested by Debtor. They continue to assert objections to most of Debtor's interrogatories. Debtor requests attorney's fees and costs.

American General responds it has fully complied with discovery and asserted proper and substantiated objections. Washington Mutual responds it has legitimate grounds for objections.

Debtor filed her adversary complaint herein on June 21, 2005. American General filed its answer on December 30, 2005 after the Court denied its Motion to Dismiss. Washington Mutual filed its answer on November 14, 2005. The Court's Scheduling Order filed January 30, 2006 sets the deadline for discovery at November 3, 2006. This deadline has now been extended to March 15, 2007.

In early July, Debtor filed motions to compel American General and Washington Mutual to respond to discovery requests. In response, these Defendants sought protective orders. Eventually, the Court entered protective orders governing Debtor's discovery requests of American General and Washington Mutual. The Court noted the entry of protective orders would substantially resolve Debtor's Motions to Compel.

Debtor now renews her Motions to Compel against American General and Washington Mutual. She requests the court take judicial notice of her prior Motions to compel against these Defendants. Debtor denies American General's assertion that she abandoned or withdrew her previous motion to compel.

At the hearing, counsel for Debtor stated that these Defendants have only turned over answers to discovery when she filed Motions to Compel. Both Defendants contacted her the day before the hearing with discovery materials which they had failed to turn over prior to the filing of the Motions to Compel. Counsel for Debtor stated that she didn't think these Defendants were taking this matter seriously.

## CONCLUSIONS OF LAW

Discovery rules are to be broadly and liberally construed in order to fulfill discovery's purpose of providing all parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement. Hickman v. Taylor, 329 U.S. 495, 507 (1947); Credit Lyonnais, S.A. v. SGC Int'l, Inc., 160 F.3d 428, 430 (8th Cir. 1998); In re Cary, 167 B.R. 163, 166 (Bankr. W.D. Mo. 1994).

> [A]s long as the parties request information or documents relevant to the claims at issue in the case, and such requests are tendered in good faith and are not unduly burdensome, discovery shall proceed. . . .
>
> The party resisting production bears the burden of establishing lack of relevancy or undue burden. . . . The party must demonstrate to the court "that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed. R. Civ. P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. . . ." Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection."

2

St. Paul Reinsurance Co. v. Commercial Financial Corp., 198 F.R.D. 508, 511 (N.D. Iowa 2000) (citations omitted). A party objecting to discovery requests must substantiate the objections by specifying how each request for production or interrogatory is deficient and articulating the particular harm that would arise if the party was required to respond to the discovery requests. Id. at 512.

Abusive discovery tactics, such as those characterized by a party's repetitive, frivolous, obstructionist, boilerplate objections, will not be countenanced. Id. at 514. Rule 26(g), incorporated by Fed. R. Bankr. P. 7026, allows the court to impose sanctions on the signer of a discovery response which is incomplete, evasive or objectively unreasonable under the circumstances. Id.

## ANALYSIS

The Court has reviewed the file in this case, including all the documents filed relating to discovery and motions to compel. This adversary proceeding was filed June 21, 2005. There have been 96 documents filed in this case so far. Since the Scheduling Order was entered on January 30, 2006 (Doc. 33), a majority of the documents filed relate to discovery issues, including motions to compel, resistances to the motions and motions for protective orders. Once the Protective Orders were entered, the Court expected that the discovery process would proceed without further delay. This, however, has not turned out to be the case. And the fault of the continuing delay must be laid at the feet of Defendants American General Finance and Washington Mutual Home Loans.

Both Defendants have answered Debtor's discovery requests with boilerplate objections. They have not substantiated their objections with specific argument or evidence other than to remind the Court and Debtor that they are large corporations with hundreds of branches and thousands of employees. As Debtor argued at the hearing, the fact that Defendants are large does not excuse them from answering discovery requests.

Debtor's discovery requests are sufficiently specific and not unduly burdensome. Defendants have failed to comply with the Rules of Procedure regarding discovery by delaying responses and making broad, repetitive, boilerplate objections. Debtor noted at the hearing that Defendants have not responded to discovery requests until she filed Motions to compel responses. Motions to Compel should be a last resort. Defendants' conduct has made them de rigueur in this proceeding.

After a full review of the documents filed and the parties' arguments, the Court concludes Debtor's Renewed Motions to Compel should be granted. Furthermore, grounds exist to impose

3

sanctions on these Defendants under Rule 26(g).  Debtor has requested sanctions of attorney fees and costs, in an amount to be determined upon further application.  The Court, however, believes that further application is not necessary and hereby sanctions American General and Washington Mutual $2,000 each as attorney fees and costs for their violations of the Rules governing discovery.

**WHEREFORE**, Debtor's Renewed Motion to Compel American General's Responses to Interrogatories and Requests for Production of Documents Propounded by Plaintiff is GRANTED.

**FURTHER**, Debtor's Renewed Motion to Compel Washington Mutual Home Loans, Inc.'s Responses to Interrogatories and Requests for Production of Documents Propounded by Plaintiff is GRANTED.

**FURTHER**, American General and Washington Mutual are directed to respond to Debtor's discovery requests in full as set out in Debtor's Renewed Motions to Compel.

**FURTHER**, American General Finance, Inc. must pay Debtor $2,000 as attorney fees and costs for its violation of the Rules governing discovery.

**FURTHER**, Washington Mutual Home Loans, Inc. must pay Debtor $2,000 as attorney fees and costs for its violation of the Rules governing discovery.

**FURTHER**, Defendants American General and Washington Mutual will be subject to further discovery sanctions if they fail to immediately comply with this order and respond to Debtor's discovery requests in full as set out in her Motions to Compel.

**FURTHER**, judgment shall enter accordingly.

DATED AND ENTERED: October 17, 2006

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

4